UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYVELL FINCH**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 14-1348**

**N. BURL CAIN, WARDEN**                                    **SECTION "B"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See U.S.C. § 2254(e)(2) (2006).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.     STATE COURT PROCEDURAL BACKGROUND

The petitioner, Rayvell Finch, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On February 13, 1997, Finch was

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

charged by bill of information with one count of possession of heroin.[3] The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as determined at trial in relevant part as follows:

> Special Agent Dave Millen, with the U.S. Department of Alcohol, Tobacco and Firearms, testified that on February 13, 1997, he, Bernard Harry, a Drug Enforcement Administration agent, Brian Mumford, a Deputy U.S. Marshall, and New Orleans Police Officer Kevin Stamp, were patrolling in two vehicles as part of Operation Safe Home Task Force, targeting violent crime in the city of New Orleans. At approximately 7:30 p.m., Officer Stamp and Agent Harry stopped their vehicle at the corner of Clara and First Streets in New Orleans, and approached two individuals standing on the corner. Defendant and another individual were sitting nearby on the steps of an abandoned residence marked with "No Trespassing" signs. When questioned by police, defendant stated that he was visiting his aunt, who lived in the residence next door. No one answered the door at the aunt's residence. Defendant then stated that his uncle lived in the other half of the residence. Police knocked on the door of that residence, but the male who answered the door indicated that he had never seen defendant before. Police then arrested defendant and the individual who had been sitting on the steps with him for trespassing. Agent Millen searched defendant incidental to the arrest and discovered a plastic bag in his sock containing eight aluminum foil packets later determined to contain heroin. Sixty dollars in currency were also found on defendant's person.
> Officer Kevin Stamp testified that police had made numerous narcotics arrests at the corner of Clara and First Streets. He testified that a plastic bag containing eight packets of heroin and sixty dollars in currency was recovered from defendant, and stated that he recorded this evidence in the police property room.
> Teresia Lamb, a criminalist with the New Orleans Police Department Crime Lab, testified that she tested the substances in four of the eight foil packets, which substances tested positive for the presence of heroin.

---

[3] St. Rec. Vol. 1 of 7, Bill of Information, 2/13/97.

Linda Jones, defendant's mother, testified for the defense. Ms. Jones viewed a photograph which depicted both the abandoned residence where defendant was sitting and a double residence next door to it. She said defendant's grandmother lived on one side of the double, and his aunt and uncle lived on the other side.[4]

Finch was tried before a jury on July 10, 1997, and found guilty as charged.[5] On July 30, 1997, at his sentencing hearing, he was found to be a triple offender under La. Rev. Stat. § 15:529.1.[6] The judge accordingly sentenced Finch to the mandatory life in prison for a triple offender under the statute, without benefit of probation, parole or suspension of sentence.[7]

On direct appeal to the Louisiana Fourth Circuit, Finch's appointed counsel asserted four errors: (1) The record was so incomplete as to render it useless for effective appellate review. (2) The trial court erred in failing to comply with the La. Rev. Stat. § 15:529.1 sentencing requirements. (3) Trial court erred in denying Finch's request for a mistrial after a State witness improperly alluded to other crimes evidence. (4) Finch's sentence was unconstitutionally excessive.[8]

---

[4]State v. Finch, 730 So. 2d 1020, 1022-23 (La. App. 4th Cir. 1999); St. Rec. Vol. 1 of 7, 4th Cir. Opinion, 976-KA-2060, 2/24/99.

[5]St. Rec. Vol. 1 of 7, Jury Verdict Form 7/10/97; Docketmaster, entry dated 7/10/97; St. Rec. Vol. 3 of 7, Trial Minutes, 7/10/97.

[6]St. Rec. Vol. 3 of 7, Sentencing Minutes, 7/30/97; St. Rec. Vol. 1 of 7, Sentencing Transcript, 7/30/97.

[7]Id.

[8]St. Rec. Vol. 1 of 7, Original Appeal Brief, 12/22/97; Supplemental Appeal Brief, 6/2/98.

The court of appeal affirmed the conviction on February 24, 1999, finding three of the claims meritless, and that insofar as there was any failure by the trial court to comply with the procedural requirements of the sentencing statute, it was harmless error.[9] Rehearing was subsequently denied on March 31, 1999. The Louisiana Supreme Court denied both of Finch's related writ applications on October 8, 1999.[10]

On February 11, 2000, Finch submitted an application for post-conviction relief in the state trial court, in which he asserted two grounds for relief: (1) There was insufficient evidence to support his conviction. (2) He received ineffective assistance of trial counsel.[11] The trial court denied his application on March 13, 2000.[12] Finch's related writ application to the Louisiana Fourth Circuit was denied on May 30, 2000.[13] The Louisiana Supreme Court also denied his related writ application on March 23, 2001, without reasons.[14]

---

[9] Finch, 730 So. 2d at 1023-28.

[10] State v. Finch, 750 So. 2d 963 (La. 1999); St. Rec. Vol. 1 of 7, La. S. Ct. Order, 99-K-1240, 10/8/99; State v. Finch, 750 So. 2d 179 (La. 1999); St. Rec. Vol. 1 of 7, La. S. Ct. Order, 99-KO-1300, 10/8/99. Finch's appointed counsel filed one writ application and Finch himself filed a pro se writ application.

[11] St. Rec. Vol. 1 of 7, Uniform Application for Post-Conviction Relief, 2/11/00.

[12] St. Rec. Vol. 1 of 7, Judgment, 3/13/00.

[13] St. Rec. Vol. 1 of 7, 4th Cir. Order, 2000-K-0979, 5/30/00.

[14] St. Rec. Vol. 4 of 7, La. S. Ct. Order, 2000-KH-1860, 3/23/01.

While his writ application was pending before the Louisiana Supreme Court, Finch filed his first motion to correct an illegal sentence in the trial court on March 6, 2001.[15] The trial court denied the motion on July 9, 2001.[16] Finch then filed a motion for reconsideration of the issue in the trial court on August 15, 2001.[17] On March 26, 2002, the Louisiana Fourth Circuit denied his related writ application, finding no error in the trial court's denial of the motion to correct an illegal sentence and finding that Finch was not entitled to reconsideration of the ruling or his sentence.[18] The Louisiana Supreme Court subsequently denied his related writ application on May 2, 2003.[19] Finch's motion for reconsideration of the Louisiana Supreme Court's ruling was also denied on June 27, 2003.[20]

On September 13, 2004, Finch filed a second motion to correct an illegal sentence in the trial court, this time asserting that the State had failed to prove that Finch was a third felony offender.[21] The trial court denied this motion on November 5, 2004, finding

---

[15] St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 3/6/01.

[16] St. Rec. Vol. 1 of 7, Judgment, 7/9/01.

[17] St. Rec. Vol. 1 of 7, Motion for Reconsideration, 8/15/01.

[18] St. Rec. Vol. 5 of 7, 4th Circuit Order, 2002-K-0325, 3/26/02.

[19] St. Rec. Vol. 5 of 7, La. S. Ct. Order, 2002-KH-1563, 5/2/03.

[20] St. Rec. Vol. 5 of 7, La. S. Ct. Order, 2002-KH-1563, 6/27/03.

[21] St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 9/13/04.

that the State had borne its burden of proof on the issue.[22] The Fourth Circuit denied his related writ on January 14, 2005.[23]

At some point in 2011, Finch filed a third motion to correct an illegal sentence based on an amendment to Louisiana law providing that the "Ameliorative Penalty Provisions" were to be applied to those persons charged or convicted of the enumerated crimes before 2001.[24] On April 20, 2011, the trial court denied his motion, noting that the exclusive remedy for correcting a sentence under the new provisions was through application to the Louisiana Risk Review Panel.[25] On June 21, 2011, the Fourth Circuit denied Finch's related writ application, agreeing with the district court that the Louisiana Risk Review Panel was his exclusive remedy for review.[26] Finally, on April 20, 2012, the Louisiana Supreme Court also denied the related writ application.[27]

In 2013, Finch filed a fourth motion to correct an illegal sentence in the trial court, asserting that the multiple offender bill of information in his case was defective, which

---

[22]St. Rec. Vol. 1 of 7, Judgment, 11/5/04.

[23]St. Rec. Vol. 6 of 7, 4 th Cir. Order, 2004-K-2090, 1/14/05.

[24]St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 2011. There is no specific date on the motion included in the state court record.

[25]St. Rec. Vol. 1 of 7, Judgment, 4/20/11.

[26]St. Rec. Vol. 6 of 7, 4th Cir. Order, 2011-K-0707, 6/21/11.

[27]St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2011-KH-1690, 4/20/12.

the trial court denied on March 1, 2013.[28] On the same day, the trial court also denied Finch's motion for amendment of sentence which relied on new sentencing guidelines that were enacted retroactively.[29] The trial court reiterated in its judgments that under Louisiana law trial courts do not have authority to amend sentences that have become final. Subsequent writ applications to the Louisiana Fourth Circuit and the Louisiana Supreme Court were also denied.[30]

II.     FEDERAL HABEAS PETITIONS

On June 25, 2001, Finch filed a federal habeas corpus petition with this court, asserting three grounds for relief: (1) insufficient evidence to support his conviction; (2) ineffective assistance of counsel; and (3) insufficient evidence to support the multiple offender adjudication.[31] The United States Magistrate Judge recommended that Finch's petition be denied with prejudice on December 4, 2001.[32] The District Judge subsequently approved and adopted the report and recommendation and denied Finch's habeas corpus petition on January 17, 2002.[33] Finch's subsequent motion for issuance

---

[28]St. Rec. Vol. 7 of 7, Judgment on Motion to Correct an Illegal Sentence, 3/1/13.

[29]St. Rec. Vol. 7 of 7, Judgment on Motion for Amendment of Sentence, 3/1/13.

[30]St. Rec. Vol. 7 of 7, 4th Cir. Order, 2013-K-0367, 4/3/13; La. S. Ct. Order, 2013-KH-0923, 1/10/14.

[31]St. Rec. Vol. 1 of 7, Federal Habeas Petition, 6/25/01.

[32]Finch v. Cain, C.A. No. 01-2055, Rec. Doc. No. 15.

[33]Finch v. Cain, C.A. No. 01-2055, Rec. Doc. No. 19.

7

of a certificate of appealability was then denied by this court, as was the related application to the United States Fifth Circuit Court of Appeals.[34]  On January 23, 2003, the United States Supreme Court denied an application for writ of certiorari filed by Finch.[35]

On June 5, 2014,[36] Finch executed a second petition for federal habeas corpus relief in this court, asserting two grounds for relief: (1) He was sentenced under a defective multiple offender bill of information.  (2) He was denied due process when the trial court denied his motion to amend his sentence based on newly enacted laws.[37] On July 22, 2014, this court construed the petition in part as a motion for authorization to file a second or successive petition under 28 U.S.C. § 2244, and transferred the matter to the

---

[34]Finch v. Cain, C.A. No. 01-2055, Rec. Doc. No. 22.

[35]Finch v. Cain, 537 U.S. 1116 (2003).

[36]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Finch's petition was filed by the clerk of this court on June 9, 2014. Although Finch dated the signature on the petition June 5, 2014, the certificate of service attached to his petition is dated June 6, 2014. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

[37]Rec. Doc. No. 1.

United States Fifth Circuit Court of Appeals for consideration of authorization to proceed with this petition under Section 2244(b).[38]

The United States Fifth Circuit determined that Finch's second claim was not successive because it was based on changes in the Louisiana sentencing laws which occurred after his first habeas petition was filed.[39] Thus, on October 16, 2014, the United States Fifth Circuit denied his motion to file a second or successive habeas application as to that claim as unnecessary, and transferred it back to this court for further consideration.[40]  As to Finch's first claim, that he was sentenced under a defective multiple offender bill of information, the Fifth Circuit stated that the "facts underlying this constitutional claim were known to Finch when he filed his first federal habeas application" and that therefore this claim was successive.[41] Because Finch had not met the standard for filing a successive Section 2254 application with respect to that claim, his motion to assert it in a second or successive application was denied.[42]

Thus, only one issue is presently before this court for consideration: whether Finch was denied due process when the trial court denied his motion to amend his sentence

---

[38] Rec. Doc. No. 4.

[39] Rec. Doc. No. 6.

[40] Id.

[41] Id.

[42] Id.

based on newly enacted laws. The State filed a response asserting that the application is untimely.[43]

Determination of the timeliness issue is made difficult by the nature of Finch's claim, which is based on recent changes in Louisiana state sentencing laws. It appears that Finch's claim relies on changes in state law occurring both in 2006 – namely the enactment of La. Rev. Stat. § 15:308, and more recently, a change in 2012 which altogether eliminated the Louisiana Risk Review Panel. When Finch sought relief in the state courts, his applications were denied pursuant to State v. Dick, 951 So. 2d (La. 2007), which held that the requested relief of an amended sentence could not be granted by the courts, but rather that such power, equivalent to commutation, lies solely within the authority of the executive branch.

In its response, the State fails to consider the most recent change in the law as a new basis for a timely petition. However, this court need not resolve this timeliness issue, because relief is not warranted even if the application was timely filed.[44] The only legal claim before this court is that Finch is entitled to a reduction of his sentence under the changes in the law in Louisiana relating to multiple offender sentences, and that the trial court's failure to reduce his sentence amounted to a due process violation. That

---

[43] Rec. Doc. No. 19.

[44] A federal habeas court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds. See, e.g., Brooks v. McCoy, No. 5:11–HC–2222–F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012).

claim, however, despite being framed in the language of "due process," turns squarely on an issue of state law, which the state courts – including the Louisiana Supreme Court – have decided against petitioner. This federal habeas court does not sit to re-examine state court determinations on questions of state law. Estelle v. McGuire, 502, U.S. 62, 67-68 (1991); see Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law.") (emphasis in original); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas). In other words, a federal habeas court does not sit as a "'super' state supreme court" to review alleged errors of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986). Federal habeas corpus relief is only properly granted "on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where, as here, petitioner's arguments are grounded exclusively in alleged violations of state law, those allegations cannot suffice.

Finch's argument is based entirely on a question exclusively governed by state law. His federal application for habeas corpus relief must be dismissed because he has failed to present a cognizable constitutional claim.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Finch's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[45]

New Orleans, Louisiana, this ___10th___ day of March, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[45]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.