UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYVELL FINCH**                                                    **CIVIL ACTION**

**VERSUS**                                                           **NO: 14-1348**

**WARDEN N. BURL CAIN**                                              **SECTION: "B"**

### ORDER AND REASONS

Before the Court is *pro se* Petitioner Rayvell Finch's objection to the Magistrate Judge's Report and Recommendation pursuant to his 28 U.S.C. § 2254 claim for writ of habeas corpus.[1]

Petitioner filed his original habeas claim on June 9, 2014.[2] Respondent filed a response in opposition.[3] Petitioner filed a traverse in response to Respondent's opposition.[4] United States Magistrate Judge Wilkinson issued a Report and Recommendation on March 11, 20015, wherein it was recommended that the petition be denied and dismissed with prejudice.[5] On March 24, 2015, Petitioner filed timely objections to the Magistrate Judge's ruling.[6]

---

[1] We are grateful for work on this case by Zachary Ardoin, a Loyola University Law School extern with our Chambers.

[2] Rec. Doc. No. 1.

[3] Rec. Doc. No. 19.

[4] Rec. Doc. No. 20.

[5] Rec. Doc. No. 21.

[6] Rec. Doc. No. 23.

For the reasons enumerated below, the objections are overruled; the Magistrate Judge's Report and Recommendation is **ADOPTED** and Plaintiff's instant habeas corpus petition is **DISMISSED WITH PREJUDICE**.

Procedural History:

**I. State Court Procedural Background**

The instant habeas petition arises out of Finch's incarceration at Louisiana State Penitentiary in Angola, Louisiana. On February 13, 1997, Finch was arrested and charged with one count of possession of heroin.[5] Finch was tried before a jury on July 10, 1997, and found guilty as charged.[6] At his sentencing hearing on July 30, 1997, he was found to be a triple offender under La. Rev. Stat. § 15:529.1.[7] Therefore, he was sentenced to the mandatory life in prison requirement under the statute, without the benefit of probation, parole, or suspension of sentence.[8]

On direct appeal to the Louisiana Fourth Circuit, Petitioner asserted four errors: (1) the record was so incomplete as to render it useless for effective appellate

---

[5] St. Rec. Vol. 1 of 7, Bill of Information, 2/13/97.

[6] St. Rec. Vol. 1 of 7, Jury Verdict Form 7/10/97.

[7] St. Rec. Vol. 3 of 7, Sentencing Minutes, 7/30/97; St. Rec. Vol. 1 of 7, Sentencing Transcript, 7/30/97.

[8] Id.

2

review; (2) the trial court erred in failing to comply with the La. Rev. State. § 15:529.1 sentencing requirements; (3) the trial court erred in denying Finch's request for a mistrial after a State witness improperly alluded to other crimes evidence; and, (4) Finch's sentence was unconstitutionally excessive.[9]

On February 24, 1999, the court of appeal affirmed the conviction and sentence.[10] The Louisiana Supreme Court denied both of the related writ applications on October 8, 1999.[11] On February 11, 2000, Finch submitted an application for post-conviction relief.[12] The application was denied by the trial court on March 13, 2000.[13] The Louisiana Fourth Circuit of Appeal denied the related writ application on May 30, 2000.[14] The Louisiana Supreme Court likewise denied his related writ application on March 23, 2001, without reasons.[15]

---

[9]St. Rec. Vol. 1 of 7, Original Appeal Brief, 12/22/97; Supplemental Appeal Brief, 6/2/98.

[10]State v. Finch, 730 So. 2d 1020, 1023-28 (La. App. 4th Cir. 1999).

[11]St. Rec. Vol. 1 of 7, La. S. Ct. Order, 99-K-1240, 10/8/99; La S. Ct. Order. 99-KO-1330, 10/8/99.

[12]St. Rec. Vol. 1 of 7, Uniform Application for Post-Conviction Relief, 2/11/00.

[13]St. Rec. Vol. 1 of 7, Judgment, 3/13/00.

[14]St. Rec. Vol. 1 of 7, 4th Cir. Order, 2000-K-0979, 5/30/00.

[15]St. Rec. Vol. 4 of 7, La. S. Ct. Order, 2000-KH-1860, 3/23/01.

3

Finch also filed four separate motions to correct an illegal sentence. The first was filed in the trial court on March 6, 2001.[16] The motion was denied by the trial court on July 9, 2001.[17] Finch then filed a motion for reconsideration of the issue in the trial court on August 15, 2001.[18] Both the Louisiana Fourth Circuit and the Louisiana Supreme Court denied his related writ application, as well as his motion for reconsideration of the ruling on his sentence.[19]

On September 13, 2004, Finch filed a second motion to correct an illegal sentence in the trial court, asserting that the State failed to prove Finch was a third felony offender.[20] The trial court denied this motion on November 5, 2004, finding that the State had borne its burden of proof on the issue.[21] The Fourth Circuit denied his related writ on January 14, 2005.[22]

In 2011, Finch filed another motion to correct an illegal sentence based on an amendment to Louisiana law in 2006, which

---

[16]St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 3/6/01.

[17]St. Rec. Vol. 1 of 7, Judgment, 7/9/01.

[18]St. Rec. Vol. 1 of 7, Motion for Reconsideration, 8/15/01.

[19]St. Rec. Vol. 5 of 7, 4th Cir. Order, 2002-K-0325, 3/26/02; St. Rec. Vol. 5 of 7, La. S. Ct. Order, 2002-KH-1563, 5/2/03; St. Rec. Vol. 5 of 7, La. S. Ct. Order, 2002-KH-1563, 6/27/03.

[20]St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 9/13/04.

[21]St. Rec. Vol. 1 of 7, Judgment, 11/5/04.

[22]St. Rec. Vol. 6 of 7, 4th Cir. Order, 2004-K-2090, 1/14/05.

4

provided that the "Ameliorative Penalty Provisions" were to be applied retroactively.[23] The Ameliorative Penalty Provisions went into effect on June 15, 2001, providing for more lenient provisions for certain crimes, and at that time the provisions were to be applied prospectively.[24] In addition, the Louisiana Risk Review Panel was created to evaluate the risk of danger to society that each person convicted of a non-violent crime may present if released from confinement.[25] In 2006, the legislature enacted La. Rev. Stat. § 15:308, which made the Ameliorative Penalty provisions apply retroactively, and stipulated that persons must apply to the Louisiana Risk Review Panel for relief.[26] Shortly thereafter, the Louisiana Supreme Court ruled that a petitioner seeking to have his sentence amended under the new provisions must petition the Risk Review Panel.[27]

On April 20, 2011, the trial court denied his motion, stating that the exclusive remedy for correcting a sentence under the new provisions was through the Louisiana Risk Review

---

[23] St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 2011.

[24] La. Rev. Stat. 40:966 B(1)(2002); see also State v. Dick, 951 So. 2d 124, 127 (La. 2007).

[25] La. Rev. Stat. 15:574.22.

[26] La. Rev. Stat. 15:308 (2006).

[27] State v. Dick, 951 So. 2d 124 (La. 2007)(Requested relief of an amended sentence could not be granted by the court, that power lies solely within the authority of the executive branch).

5

Panel.[28] On June 21, 2011, the Fourth Circuit denied Finch's related writ application, agreeing that his exclusive remedy was through the Louisiana Risk Review Panel.[29] The Louisiana Supreme Court also denied the related writ application on April 20, 2012.[30]

In 2013, Finch filed his fourth motion to correct an illegal sentence, asserting that the multiple offender bill of information was defective, which the trial court denied on March 1, 2013.[31] The trial court denied Finch's motion for amendment of sentence, which relied on new sentencing guidelines that were enacted retroactively, on the same day. The court stated that under Louisiana law, trial courts do not have the authority to amend sentences that have become final.[32] Writ applications to the Louisiana Fourth Circuit of Appeal and the Louisiana Supreme Court were also denied.[33]

## II. Federal Habeas Petitions

---

[28]St. Rec. Vol. 1 of 7, Judgment, 4/20/11.

[29]St. Rec. Vol. 6 of 7, 4th Cir. Order, 2011-K-0707, 6/21/11.

[30]St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2011-KH-1690, 4/20/12.

[31]St. Rec. Vol. 7 of 7, Judgement on Motion to Correct an Illegal Sentence, 3/1/13.

[32]St. Rec. Vol. 7 of 7, Judgment on motion for Amendment of Sentence, 3/1/13.

[33]St. Rec. Vol. 7 of 7, 4th Cir. Order, 2013-K-0367, 4/3/13; La. S. Ct. Order, 2013-KH-0923, 1/10/14.

Finch then filed a federal habeas corpus petition on June 30, 2001, in this court claiming: (1) insufficient evidence to support his conviction; (2) ineffective assistance of counsel; and, (3) insufficient evidence to support the multiple offender adjudication.[34] On December 4, 2001, the Magistrate Judge recommended that the petition be denied with prejudice.[35] On January 17, 2002, the District Judge adopted the report and recommendation and denied Finch's habeas corpus petition.[36] Petitioner's subsequent motion of a certificate of appealability was denied by this court, as was the related application to the United States Fifth Circuit Court of Appeals[37]. On January 23, 2003, the United States Supreme Court denied an application for writ of certiorari.[38]

Petitioner executed a second petition for federal habeas corpus relief on June 5, 2014, asserting two grounds for relief: (1) he was sentenced under a defective multiple offender bill of information; and, (2) he was denied due process when the trial court denied his motion to amend his sentence based on newly

---

[34] St. Rec. Vol. 1 of 7, Federal Habeas Petition, 6/25/01.

[35] Finch v. Cain, C.A. No. 01-2055, Rec. Doc. No. 15.

[36] Finch v. Cain, C.A. No. 1-2055, Rec. Doc. No. 19.

[37] Finch v. Cain, C.A. No. 01-2055, Rec. Doc. No. 22.

[38] Finch v. Cain, 537 U.S. 1116 (2003).

enacted laws.[39] On July 22, 2014, the motion was construed in part as a motion for authorization to file a second or successive petition under 28 U.S.C. § 2244. The Court transferred the matter to the United States Fifth Circuit Court of Appeals for consideration of authorization to proceed with this petition under Section 2244(b).[40]

The Fifth Circuit found the first claim, sentencing under a defective multiple offender bill of information, to be successive because, "facts underlying this constitutional claim were known to Finch when he filed his first federal habeas application."[41] Since Finch did not meet the standard for filing a successive Section 2254 application with respect to this claim, his motion was denied.[42] However, the Fifth Circuit determined that the second claim was not successive, because it was based on changes in Louisiana's sentencing laws which occurred after his first habeas petition was filed.[43] Therefore, on October 16, 2014, the Fifth Circuit denied his motion to file a successive habeas application as unnecessary, and transferred

---

[39]Rec. Doc. No. 1.

[40]Rec. Doc. No. 4.

[41]Rec. Doc. No. 6.

[42]Id.

[43]Id.

8

the second claim back to this court for further consideration.[44] Thus, the only issue before this court is: whether Finch was denied due process when the trial court denied his motion to amend his sentence based on newly enacted laws.

Upon review, the Magistrate Judge found that Petitioner's claim is based on a question entirely governed by state law, and further that his federal application must be dismissed because he failed to present a cognizable constitutional claim.[45] Petitioner filed a timely objection to the Magistrate Judge's Report and Recommendation, arguing that the more lenient provisions enacted by the federal Fair Sentencing Act should apply to the state law at issue in his case.[46] More specifically, Petitioner seeks to have the lower mandatory minimum applied to those whose crimes were committed before the enactment date of La. Rev. Stat. § 15:308.

Law and Analysis:

**I. Standard of Review**

This court reviews objected to portions of a Magistrate's Report and Recommendation de novo.[47] Petitioner has objected to the Magistrate Judges's findings that he has failed to state a

---

[44] Id.

[45] Rec. Doc. No. 21, pg. 11.

[46] Rec. Doc. No. 23, pg. 3.

[47] Fed. R. Civ. P. 72(3).

cognizable federal claim for habeas relief.[48] Finch filed the current §2254 action after the Anti-Terrorism and Effective Death Penalty Act's April 24, 1996 effective date, therefore this claim is governed by the provisions of that statute.[49]

When analyzing a question of fact, this Court defers to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court's proceeding."[50] When reviewing questions of law and mixed questions of law and facts, this Court defers to the decision of the state court unless that decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."[51]

State court decisions are said to be "contrary" when either "(1)the state court arrives at a conclusion opposite to that reached by this Court on a question of law ...or (2) the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result

---

[48] Rec. Doc. No. 23.

[49] Woodward v. Garceau, 538 U.S. 202, 205, 123 S.Ct. 1398, 1401 (2003); Flanagan v. Johnson, 154 F. 3d 196, 198 (5th Cir. 1998).

[50] 28 U.S.C. § 2254(d).

[51] Id.

opposite to [that Supreme Court decision]."[52] A decision is considered an unreasonable application of Supreme Court precedent in three situations:

> (1) the state court ... unreasonably applies the correct governing legal rule to the facts of the particular case (2) the state court unreasonably extends a legal principle from our precedent to a new context where it should not apply or (3) the state court unreasonably refuses to extend that principle to a new context where it should apply.[53]

When reviewing an application for a writ of habeas corpus by a person in custody from the judgment of a state court, any determination of factual issues made by the state court is presumed to be correct.[54] The applicant has the burden of establishing, through clear and convincing evidence, an error made by the state court in this determination.[55] If the applicant fails to develop a factual basis, the court shall not hold an evidentiary hearing unless:

> (A) the claim relies on:
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

---

[52] Williams v. Taylor, 529 U.S. 362, 404-05 (2000).

[53] Williams, 529 U.S. at 407. (Internal quotations and brackets omitted).

[54] 28 U.S.C. § 2254(e)(1).

[55] Id.

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.[56]

**II. Denial of Due Process**

Petitioner alleges that his due process rights were violated when the trial court denied his motion to amend his sentence based on newly enacted laws. Petitioner relies on *Dorsey v. United States*, which held that the more lenient penalty provisions of the Fair Sentencing Act (FSA) should be applied to offenders whose crimes preceded the effective date of the act.[57] Petitioner attempts to show that the state court erred by not granting him the reduced terms that were enacted by the Louisiana Legislature in 2006, specifically La. Rev. Stat. § 15:308.

The statute at issue altered the penalty for numerous criminal statutes, including those sentenced as habitual offenders.[58] Petitioner argues that by not applying the ruling in *Dorsey*, and granting more lenient penalty provisions to offenders whose crimes preceded the enactment of La. Rev. Stat. 15:308, the state court has misapplied federal law. Essentially,

---

[56] 28 U.S.C. § 2254(e)(2).

[57] Rec. Doc. 23, pg. 3. *citing* Dorsey v. United States, 132 S. Ct. 2321, 2324 (2012).

[58] La. Rev. Stat. Ann. § 15:308 (2010).

12

Petitioner urges the application of federal law to the interpretation of a state statute. However, the general Federal Savings Statute provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty...unless the repealing act shall so expressly provide, and such statute shall be treated as remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty."[59] The FSA does not seek to amend state laws, and only applies to those who were convicted of federal crimes before the Act's effective date, but sentenced after; therefore it does not override or control the state court's decisions.[60]

Moreover, the claim Petitioner makes, though framed as a constitutional "due process" violation, is an issue of state law that has already been squarely decided against Petitioner. Even if his claim were entitled to be assessed under federal law, the Fair Sentencing Act and the ruling in *Dorsey* do not apply in Petitioner's case.[61]

**III. Petitioner's claim is a state law issue**

---

[59] 1 U.S.C. § 109.

[60] See Dorsey v. United States, 132 S. Ct. 2321 (2012).

[61] Dorsey, 132 S. Ct. at 2335 (than pre-Act offenders sentenced after the passage of the FSA).

13

Petitioner's claim involves changes in state law occurring in 2006, with the enactment of La. Rev. Stat. § 15:308, and a change in 2012, which eliminated the Louisiana Risk Review Panel.[62] In 2011, Finch filed his third motion to correct an illegal sentence based on the enactment of § 15:308, which provided that the "Ameliorative Penalty Provisions" were to be applied to people charged or convicted of the enumerated crimes before 2001.[63] That same year the trial court denied the motion, stating that his exclusive remedy was the Louisiana Risk Review Panel.[64] The Fourth Circuit and the Louisiana Supreme Court also denied the related writ application.[65]

In 2012, upon elimination of the Louisiana Risk Review Panel, Finch brought his fourth motion to correct an illegal sentence along with a motion for amendment of sentence. The trial court once again denied the motion, and reiterated that under Louisiana law trial courts do not have the authority to amend sentences that have become final.[66] Petitioner's subsequent

---

[62] Rec. Doc. No. 21, pg. 10.

[63] St. Rec. Vol. 1 of 7, Motion to Correct an Illegal Sentence, 2011. (No date recorded in the state court record).

[64] St. Rec. Vol. 1 of 7, Judgment, 4/20/11

[65] St. Rec. Vol. 6 of 7, 4th Cir. Order, 2011_K-0707, 6/21/11, La. S. Ct. Order, 2011-KH-1690, 4/20/12.

[66] St. Rec. Vol. 7 of 7, Judgment on Motion for Amendment of Sentence, 3/1/13.

writ application to the Louisiana Fourth Circuit and the Louisiana Supreme Court were also denied.[67]

Petitioner's claim is an issue of state law that he has brought several times before the courts of this state. The courts have analyzed his claim after the enactment of La. Rev. Stat. § 15:308 and the discontinuation of the Louisiana Risk Review Panel. In both instances the state courts, including the Louisiana Supreme Court, have decided against the petitioner. A federal habeas court does not sit to re-examine state court rulings on questions of state law.[68] Instead, federal courts are limited to a review of state court misinterpretations of federal law.[69] A federal court lacks authority to decide whether a state court misinterpreted state law.[70] As in this case, when a state court's legal conclusions are upheld by the highest court in the state, those rulings are considered state law.[71] The federal courts will only review a habeas corpus claim "on the ground that the petitioner is in custody in violation of the Constitution or law or treaties of the United States."[72]

---

[67] St. Rec. Vol. 7 of 7, 4th Cir. Order, 2013-K-0367, 4/3/13; La. S. Ct. Order, 2013-KH-0923, 1/10/14.

[68] Estelle v. Mcguire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991).

[69] Id. at 68.

[70] Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011).

[71] Charles, 629 F.3d at 500-01.

[72] 28 U.S.C. § 2254(a).

15

Petitioner's claim that he is entitled to a reduced sentence due to changes in Louisiana law relating to multiple offender sentences, and that the trial court failed to abide by these changes, is entirely an issue of state law. He has had a chance to bring this claim before the state courts, and subsequent writ applications were denied by the Louisiana Fourth Circuit and the Louisiana Supreme Court. Therefore Petitioner is not entitled to habeas corpus relief from this court, because he has had ample opportunity to challenge his conviction. Though he was not successful in his attempts, no denial of due process occurred by state courts ruling on state law against him.[73]

**IV. Fair Sentencing Act does not apply**

Here Petitioner invokes the Fair Sentencing Act in an attempt to show that his due process rights were violated when a Louisiana trial court refused to amend his sentence. However, as stated, Petitioner's sentence was brought down from state law, not federal. Furthermore, Petitioner was originally convicted in state court in 1997 on heroin violations, so the changes to sentencing brought about by the FSA do not apply in his case. The FSA, which took effect on August 3, 2010, reduced the disparity for minimum prison terms for crack cocaine from 100-1

---

[73] Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (disagreement as to state law is not cognizable on federal habeas).

to 18-to-1.[74] Petitioner bases his objections on the decision in *Dorsey*, where he states the Supreme Court decided that "the more lenient provisions of the Fair Sentencing Act lowers the mandatory minimum applied to those whose crimes were committed before the enactment date."[75]

First, the FSA, a federal statute, only governs federal statutes imposing prison sentences upon those convicted of federal drug charges.[76] Second, the question that was raised in *Dorsey* was "whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3."[77] The Supreme Court held that the more lenient penalties would only apply to those offenders whose crimes preceded the act, but whose sentencing occurred after that date.[78] Recently, the Fifth Circuit upheld this interpretation of *Dorsey*.[79] Other circuit courts have agreed that the FSA does not extend retroactively,

---

[74] *See generally* Dorsey v. United States, 132 S. Ct. 2321, 2323 (2012)(discussing the history and operation of the FSA).

[75] Rec. Doc. No. 23, pg. 2. 3/24/15.

[76] Dorsey, 132 S. Ct. at 2329-30.

[77] Id. at 2323.

[78] Dorsey, 132 S. Ct. at 2321.

[79] United States v. Kelly, 716 F.3d 180 (5th Cir. 2013) (Modification hearing occurring after FSA effective date not subject to new penalties; FSA only retroactively applies to those sentenced after FSA was in effect); *see also* United States v. Bogan, No. 06-275, 2013 WL 4711732, at *1 (E.D. La. Aug. 30, 2013).

unless sentencing occurred after the effective date.[80] The FSA changes and the ruling in *Dorsey* mainly concerned crack cocaine, and the harsh minimum sentences required when compared to similar violations involving powder cocaine.

Finally, Petitioner generalizes the ruling in *Dorsey* by expanding it to apply the more lenient penalties to those whose crimes were committed before the enactment date. The Supreme Court only extended these more lenient sentences to those who committed the crime before the FSA was enacted but were sentenced after, and no circuit court has retroactively expanded the FSA beyond this boundary. In Petitioner's case, he was both convicted of his crime, and sentenced for it, before the enactment of the laws from which he seeks relief.

---

[80] *See* United States v. Hammond, 712 F.3d 333, 336 (6th Cir. 2013) (FSA not retroactively applied to defendants whose sentences were modified after the effective date); *see also* United State v. Augustine, 712 F.3d 1290 (9th Cir. 2013) (Rejecting the argument that *Dorsey* requires retroactive application of FSA mandatory minimums to those sentenced before Act took effect).

CONCLUSION

For the reasons enumerated above, the Magistrate Judge's Report and Recommendation is **ADOPTED** and Petitioner's 28 U.S.C. § 2254 claim is accordingly be **DENIED** and **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 21st day of July, 2015.

_____
UNITED STATES DISTRICT JUDGE